William J. Regan, S.
This is a judicial settlement of the accounts of the administrators with the will annexed in the above estate with a prayer for construction of a portion of the will. The testator’s will dated April 25, 1945 left his entire estate to his wife, with a provision that if she predeceased him (which she did) he left a one thousand dollar bequest to a nephew and the residuary estate “ To my nieces, Doris Redhead and Jane Snyder I give, devise and bequeath all the remainder of my property, share and share alike.” Doris Redhead predeceased the testator and the question before this court is the application of the statutes regarding the disposition of her share.
Walter B. Maynard died on September 25, 1966. At that time section 29 of the Decedent Estate Law, was in force and effect. This section, now incorporated into EPTL 3-3.3, was known as the “ Anti Lapse Statute ”.
Section 29 of the Decedent Estate Law provided as follows: “ § 29. Devise or bequest to a child or descendant or to a brother or sister of the testator not to lapse. Whenever any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, or to a brother or sister of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate.” Although this section would have saved a bequest to one of the distributees specified in that section then, Doris Redhead was a niece and therefore not protected by that statute.
EPTL 3-3.4 reads as follows: “ § 3-3.4. Consequences of partly ineffective testamentary dispositions of property to two or more residuary beneficiaries. Whenever a testamentary disposition of property to two or more residuary beneficiaries is ineffective in part, as of the date of the testator’s death, and the provisions of 3-3.3 do not apply to such ineffective part of the residuary disposition nor has an alternative disposition thereof been made in the will, such ineffective part shall pass to and vest in the remaining residuary beneficiary or, if there are two or more remaining residuary beneficiaries, in such bene *311 ficiaries, ratably, in the proportions that their respective interests in the residuary estate bear to the aggregate of the interests of all remaining beneficiaries in such residuary estate.” This section became effective September 1, 1967, after the death of Walter B. Maynard.
We are obliged to consider EPTL 1-1.5 which provides that “ unless otherwise stated therein the provisions of this chapter apply to the estates and to instruments making dispositions or appointments thereof, of persons living on its effective date or born subsequent thereto, without regard to the date of execution of any such instrument; except that the provisions of this chapter shall not impair or defeat any rights which have accrued under dispositions or appointments in effect prior to its effective date.”
Consequently, this court finds no alternative but to declare that the portion of the residue to Doris Bedhead must lapse and be distributed as in intestacy.